# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0595-21

C.L.D.,[1]

    Plaintiff-Respondent,

v.

L.R.L.,

    Defendant-Appellant.

_____

Submitted October 11, 2022 – Decided October 24, 2022

Before Judges Mawla and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0296-22.

Domers Bonamassa, PC, attorneys for appellant (Timothy S. Farrow, on the brief).

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials pursuant to Rule 1:38-3(d)(9).

Defendant L.R.L. appeals from a September 1, 2021 final restraining order (FRO) entered against her in favor of plaintiff C.L.D., pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, and an October 22, 2021 order denying her motion for reconsideration.[2] We affirm.

Each party was self-represented at trial and testified on their own behalf. The parties previously dated and resided together for several years. They are also parents of a young child. Parenting time is governed by a non-dissolution order, which requires them to exchange the child at their local police department. Over time, the parties agreed to shift the parenting time exchange away from the police department, and on August 8, 2021, the date of the underlying incident, defendant was supposed to pick the child up from plaintiff's residence.

Plaintiff testified defendant became upset because plaintiff did not have time to take the parties' child to the park, yet had time for his fiancé and her children. As defendant was making these remarks, the fiancé exited plaintiff's home and was placing her children into her car. Defendant continued to express her displeasure and directed her ire at the fiancé. The fiancé walked over to

---

[2] This matter also involved a domestic violence cross-complaint, which was dismissed following trial. Defendant does not appeal from the dismissal of her complaint.

defendant, defendant spit on plaintiff and insulted the fiancé. Plaintiff separated his fiancé from the fight, but defendant made a crude comment regarding the fiancé's autistic child, causing the skirmish to resume. Plaintiff took the children to safety and returned to break up the fight. The fiancé stopped and, according to plaintiff, was "just standing there" when defendant resumed her attack, attacking the fiancé and plaintiff, scratching plaintiff's face.

Plaintiff testified to a prior history of domestic violence, which included: A prior temporary restraining order plaintiff obtained against defendant; threats made by defendant; and two incidents, one where defendant threw a shovel at plaintiff, and another where she struck him in the back with a baseball bat, knocking him to the ground. When defendant cross-examined plaintiff and asked why he did not seek a restraining order for the past acts of domestic violence, he explained that he was embarrassed, no one would believe him, and he feared doing so would cause defendant to end his relationship with their child "because she always said that." He explained "it got really bad towards the end [of the parties' relationship] . . . . When I . . . finally did leave, I left with just the clothes on my back basically, just because I was so scared of what [defendant] was going to do."

A-0595-21

Plaintiff testified he wanted an FRO due to the physical violence, defendant's controlling behavior, and a desire for peace. He explained: "I do everything based out of fear. . . . I'm constantly in fear of this [person] over what she's going to do next . . . . I — I don't want to deal with this anymore. I — I want to live my life."

Defendant testified the fiancé attacked her while defendant was in the passenger seat of her vehicle. Defendant claimed her back was against the armrest and her "right arm [was] out and . . . that's when" plaintiff grabbed her by that arm giving her cuts and scratches. Although she could not recall how it happened, defendant claimed she found herself outside the vehicle and plaintiff "pushed and pinned [her] up on the side of the truck" as the fiancé attacked her. The trial judge then questioned defendant regarding the history of domestic violence in each party's complaint. Relevant to the issues raised here, defendant admitted she struck plaintiff in the back with a baseball bat, but claimed it was in self-defense during an altercation. While defendant could recount certain facts, such as the alleged history of domestic violence in detail, she could not recall facts that were adverse to her.

The trial judge found plaintiff credible and defendant not credible. She noted defendant

> seems to have incredible recollection of their history. An incredible recollection of how she was in the car and how she was situated in the car and how her right arm was there and that [plaintiff] grabbed it.
>
> But she can't recall whether . . . she made a statement to the fiancé about her child. When I ask her she said no. Then she said maybe I did. Then she said I don't remember. Then she said no. But she recalls virtually every other aspect of that entire day . . . . It's not credible.

The judge concluded defendant assaulted plaintiff on August 8, 2021, by scratching his face. She credited plaintiff's testimony regarding the history of domestic violence, rejecting defendant's testimony about using the baseball bat in self-defense. The judge found plaintiff demonstrated a need for an FRO, crediting his testimony about fear and defendant's controlling behavior. The judge noted plaintiff "looked like a beaten person. He looked depressed. He looked unhappy. He looked like he was reliving years of being controlled by [defendant's] behavior about his child." Citing the history of domestic violence, the judge stated: "I find . . . there's the potential for this to continue because they're going to be raising this child together. And . . . this type of situation is going to happen again if there's not a restraining order in place." The judge granted plaintiff an FRO and dismissed defendant's complaint.

5

Defendant retained counsel and moved for reconsideration of the FRO granted to plaintiff. The motion attached a video taken on August 8, 2021, which defendant argued would show she was not the aggressor, as well as text messages between the parties showing civil communications.[3] Counsel argued the court failed to consider the video evidence and text messages, which would dispel the alleged history of domestic violence. Further, even if the judge did not vacate her finding of assault, the record did not establish a need for the protection of an FRO.

The trial judge noted she reviewed the video, which showed plaintiff and the fiancé walking away. The judge found this was consistent with the testimony and did not disprove that defendant assaulted plaintiff. Furthermore,

> seeing the video would not have [been dispositive] because these are two separate, distinct encounters.
>
> . . . The first encounter deals with an interaction that took place between [defendant] and . . . [plaintiff's] fiancé. . . .
>
> But the first confrontation didn't have anything to do with the second confrontation . . . .
>
> The second incident began after the defendant . . . hurled an insult at the . . . fiancé, . . . which is what that restraining order was based upon, because that's the

---

[3] Neither the video nor the text messages are a part of the appellate record.

encounter that drew [plaintiff] into this fight . . . [and] caused [plaintiff] to suffer an injury that was an assault.

The judge found the text messages were also not dispositive and noted defendant never attempted to introduce them into evidence. Further, there was a need for an FRO because she "found . . . there was a continued risk of further violence" going forward. The judge denied the reconsideration motion.

Defendant filed a notice of appeal. Subsequently, the trial judge issued a written opinion amplifying her findings.

Defendant raises the following arguments on appeal:

> POINT I[.] THE EVIDENCE DID NOT SUPPORT THE TRIAL COURT'S FINDING THAT DEFENDANT COMMITTED THE PREDICATE ACT OF SIMPLE ASSAULT, BECAUSE (A) DEFENDANT DID NOT PURPOSELY, KNOWINGLY, OR RECKLESSLY SCRATCH . . . PLAINTIFF, OR (B) ASSUMING ARGUENDO, THAT DEFENDANT KNOWINGLY SCRATCHED PLAINTIFF, SHE DID SO IN SELF-DEFENSE.
>
> . . . .
>
> POINT II[.] THE TRIAL COURT FINDING THAT A RESTRAINING ORDER WAS NECESSARY FOR IMMEDIATE PROTECTION OR TO PREVENT FURTHER ABUSE WAS NOT SUPPORTED BY THE EVIDENCE BEFORE THE COURT.
>
> POINT III[.] ASSUMING ARGUENDO, THE COURT DOES NOT REVERSE AND DISMISS THE FRO PURUSANT TO POINTS I OR II ABOVE, THE

7

TRIAL COURT SHOULD HAVE ADMITTED (A) [THE VIDEO] INTO EVIDENCE AS IT WAS RELEVANT TO DEFENDANT'S SELF-DEFENSE CLAIM AND WHETHER SHE COMMITTED A SIMPLE ASSAULT AND (B) [THE TEXT MESSAGES], AS [THEY WERE] RELEVANT TO WHETHER A RESTRAINING ORDER WAS NECESSARY TO PREVENT FUTURE ACTS OF DOMESTIC ABUSE.

In domestic violence matters, the trial court's findings of fact are binding on appeal when "supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Ibid. (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). "Because a trial court 'hears the case, sees and observes the witnesses, [and] hears them testify,' it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Ibid. (alteration in original) (quoting Pascale v. Pascale, 113 N.J. 20, 33 (1988)). Thus, "an appellate court should not disturb the 'factual findings and legal conclusions of the judge unless [it is] convinced . . . they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (alteration in original) (quoting Rova Farms, 65 N.J. at 484).

A-0595-21

Pursuant to these principles, we affirm substantially for the reasons expressed by the trial judge in her opinions. We add the following comments.

When deciding whether to grant an FRO, the trial court has a "two-fold" task. Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006). A court must first determine whether the plaintiff can demonstrate by a preponderance of the evidence that the defendant has committed a predicate act of violence under N.J.S.A. 2C:25-19(a). Ibid.

The court must then determine "whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C: 25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." Id. at 127. The court should consider, but is not limited to, six factors, of which three are relevant here: "(1) The previous history of domestic violence between the plaintiff and defendant, including threats, harassment and physical abuse; (2) The existence of immediate danger to person or property; . . . (4) The best interests of the victim and any child . . . ." N.J.S.A. 2C:25-29(a)(1), (2), and (4).

The trial judge found plaintiff proved the predicate act of assault, N.J.S.A. 2C:12-1(a)(1). Assault occurs when a person "[a]ttempts to cause or purposely, knowingly or recklessly causes bodily injury to another . . . ." N.J.S.A. 2C:12-

1(a)(1). "'Bodily injury' means physical pain, illness or any impairment of physical condition . . . ." N.J.S.A. 2C:11-1(a). "When the predicate act is an offense that inherently involves the use of physical force and violence, the decision to issue an FRO 'is most often perfunctory and self-evident.'" A.M.C. v. P.B., 447 N.J. Super. 402, 417 (App. Div. 2016) (quoting Silver, 387 N.J. Super. at 127).

We are satisfied there was adequate evidence to support the judge's finding plaintiff proved defendant assaulted him by scratching his face. The substantial credible evidence in the record does not support defendant's self-defense theory. The judge's finding of assault was informed by her credibility determinations, which are also supported by the record, and are entitled to our deference.

Furthermore, the trial judge's finding that an FRO was necessary to protect plaintiff was based on the history of domestic violence, the need to protect plaintiff from the occurrence of future acts of violence, and the best interests of plaintiff and the parties' child, who witnessed a part of the August 8 incident. These findings are supported by the evidence in the record, and mirror N.J.S.A. 2C:25-29(a)(1), (2), and (4).

A-0595-21

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

11